FILED '09 JUN 30 13:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CENTER FOR BIOLOGICAL
DIVERSITY, et al.,

          Plaintiffs,      Civ. No. 08-946-TC

v.                         O R D E R

PAUL HENSON, et al.,

          Defendants.

COFFIN, Magistrate Judge:

       Presently before the court is defendants' motion (#30) to stay this action until December 31, 2009. As discussed below, the motion is allowed.

## BACKGROUND

       This action involves Northern Spotted Owls and timber harvest in the Elliot State Forest. Plaintiffs seek the reintiation of consultation regarding the Oregon Department of Forestry's (ODF) 1995 Habitat Conservation Plan (1995 HCP), as well as the Incidental Take Permit (1995 ITP) ODF obtained from the U.S. Fish and Wildlife Service(FWS)in 1995. The 1995 ITP authorized incidental

take of Northern Spotted Owls for 60 years in connection with timber harvest in the Elliot State Forest.

Plaintiffs contend that new information regarding threats to Spotted Owls, especially the invasion of Barred Owls, has come to light since FWS granted the 1995 ITP and that such information should have triggered reintiation of consultation under section 7(d) of the Endangered Species Act.

Since 2000, the FWS has been working with ODF and the National Marine Fisheries (NMFS) on a revision of the 1995 HCP. Defendants contend that a great deal of work has occurred thus far to prepare the Draft Revised HCP/ITS and that the remaining work should be completed by the end of this year. The FWS and NMFS released a draft environmental impact statement (DEIS) on the proposed revisions in August of 2008 and accepted public comment on it until November of 2008. FWS and NMFS received a number of comments from the public, including the plaintiffs in this case, and is analyzing and considering these comments before making a final permitting decision. When the draft HCP is completed, FWS expects to begin coordinating with ODF on any necessary changes in response to public comments and further agency review. The Draft Revised HCP/ITS will provide the basis for completing a final environmental impact statement, which is expected to be completed by July 2009. Defendants state that other major documents to be prepared include the Record of

2 - ORDER

Decision on the FEIS, a new biological opinion (which shall include consideration of the best scientific evidence available, including documents plaintiffs cite in this lawsuit), a Set of Findings, and the revised permit itself. Defendants emphasize that the process entails consultation between FWS and ODF regarding the very documents plaintiffs cite and allege in this action to be "new information."

Defendants state that, "[a]ssuming no unforeseeable delays, a FWS signature package is expected to be prepared for consideration by December 2009." P. 5 of Defendants' Memo (#32) and Folliard Decl. at Paragraph 8. Defendants state that the Draft Revised HCP/ITS will, when approved, supercede the 1995 HCP and 1995 ITP at issue here and, as such, this case is based on documents that will soon become obsolete.[1]

Defendants contend that this court should stay this litigation to preserve judicial resources and avoid the needless expenditure of resources by the government defendants. Defendants contend that this lawsuit will likely become moot and not staying the action could result in the delay of the preparation of the new documents.

---

[1] Although not necessary for the ruling in this action, it is noteworthy that once FWS completes the analysis it has begun, and the HCP becomes obsolete, plaintiffs will have the opportunity to seek judicial review of that package in another action if they consider it to not comply with applicable law. See 16 U.S.C. § 1540(g)(1).

3 - ORDER

## LEGAL BACKGROUND FOR MOTIONS TO STAY

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-255(citations omitted).

When considering a motion to stay, the district court should consider 3 factors: 1) potential prejudice to the non-moving party; 2) hardship and inequity to the moving party if the action is not stayed; and 3) the judicial resources that would be saved. See, e.g., Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal 1997); CMAX Inc., v. Hall, 300 F3d 265 (9th Cir. 1962); Bacardi & Co. Ltd. v. Empressa Cubana Exportadora de Alimentos y Productos Varios, Inc., Civ. No. 04-519, 2007 WL 1541386 (D.D.C. May 24, 2007). [2]

---

[2] Although plaintiffs repeatedly note that this action involves an alleged procedural violation of the ESA, they acknowledge that motion to stay standards are applicable to these actions. P. 3 of Supplemental Brief in Opposition to Stay (#65).

4 - ORDER

## DISCUSSION

### 1. Potential Prejudice to the Non-Moving Party if the Action is Stayed

Plaintiffs acknowledge the assertion by FWS that it is engaged in producing a new biological opinion and the assertion by FWS that this consultation shall include consideration of the best scientific data available, including the documents plaintiffs cite in this lawsuit. However, plaintiffs assert that they would be harmed from a stay because FWS has not formally reintiated consultation to consider the new information and, as a result, the protective provisions of section 7(d) of the ESA have not been triggered and that, consequently, Spotted Owl habitat may continue to be logged and Spotted Owls may continue to be taken. Plaintiffs assert that "the result of the [reintiated] consultation [the object of the current lawsuit] may be that more Spotted Owl habitat must be protected than is currently protected." p. 10 of Opposition to Stay(#36).  Despite being given the opportunity for additional briefing, plaintiffs assertions of harm from a stay are attenuated and speculative. See p.p. 8-10 of Defendants's Supplemental Reply Brief(#70) and p.p.11-12 of Reply (#49).  Defendants have demonstrated that ODF has no planned timber sales within any area protected by the 1995 HCP, in areas that are proposed for protection under the Draft Revised HCP/ITS,

5 - ORDER

or within any known occupied spotted owl sites. Moreover, even if plaintiffs went on to win this case on the merits, and even if plaintiffs' speculation that the result of a reintiated consultation would be that more habitat must be protected than is currently protected, only 195 acres of timber that is greater than 80 years old will be cut in the Elliot State Forest by the end of the year. Third Declaration of James Young. Such amounts to far less than 1 percent of the Elliot State Forest's total area; 195 acres amounts to .21 percent of the Elliot State Forest's total area. AR 3276.

Plaintiffs argue that the urgency of their claims mitigates against the waiting involved in a stay. Plaintiffs cite Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 864 (9th Cir. 1979). The Leyva Court advised the trial court that "a stay should not be granted unless it appears likely other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented in this court." Id. A six month stay in this case is reasonable in relation to the urgency of the claims presented in this court. See generally, Pesticide Action Network North America v. United States Environmental Protection Agency, 2008 WL 51304005 (N.D. Cal. Dec. 5, 2008); Sandsik Corp. v. Phison Electronics Corp., 538 F. Supp. 2d 1060 (W.D. Wis. 2008). Plaintiffs waited two months before amending their

complaint and have not brought a motion for preliminary injunction.

The potential prejudice to plaintiffs if this action is stayed is low and there is not a fair possibility that a stay in this case will work damage to plaintiffs. Even if there was a fair possibility of such, a weighing of the competing interests in this matter and the three factors indicate that a stay is appropriate.

2.  <u>Hardship and Inequity to the Moving Party if the Action is Not Stayed</u>

Defendants make several points regarding hardship and inequity if the action is not stayed. They note that biologists and other staff resources have been and are currently working on the process that will result in revisions to the 1995 HCP and ITP and that that process includes examination of the documents and issues plaintiffs are concerned with in this action. Defendants argue that needlessly taking these resources away from that task for reintiation will result in waste and delays in getting the revisions completed and that the whole process could possibly result in a loss of the ability to protect the Elliot State Forest through a loss of the ability to require certain mitigation measures. See p. 6 of Memo in Support (#32) and p.p. 11-14 of Reply (#49).

Plaintiffs emphasize the language of <u>Landis</u> stating that the proponent of a stay "must make out a clear case

7 - ORDER

of hardship or inequity in going forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. at 255. The Ninth Circuit has interpreted this language to mean that a stay "<u>may</u> be inappropriate" if there is a fair possibility that the stay will work damage to someone else and there is an absence of a showing by the moving party of "hardship and inequity." <u>Dependable Highway Express Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066(9th Cir. 2007)(emphasis added).[3]

Plaintiffs, citing <u>Lockyer v. Mirant Corporation</u>, 398 F.3d 1098, 1112 (9th Cir. 2005), contend that having to defend a lawsuit does not demonstrate a clear case of hardship. <u>Lockyer</u> states that being required to defend a suit and proceed to trial, without more, does not constitute a clear case of hardship or inequity within the meaning of <u>Landis</u>. <u>Id.</u> <u>Lockyer</u> also states, in the same paragraph, the importance of a stay that could narrow factual and legal issues. As discussed in the next section, a stay in the present case could do just that and

---

[3]Moreover, the selective excerpt that plaintiff cites from <u>Landis</u> does not reflect the <u>Landis</u> Court's statement noting the added importance of judicial economy. The court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). And, as previously stated, the excerpt should be read with the Ninth Circuit's statements in <u>Dependable Highway</u> indicating that the <u>Landis</u> quote involves discretion.

8 - ORDER

defendants have shown more than just the need to defend the lawsuit.[4]

As discussed in the previous section, there is not a fair possibility that a stay in this case will work damage to plaintiffs, and, as such, the hardship and inequity of defendants does not come into play. Even if there was such a fair possibility, defendants have made out an adequate case of hardship or inequity in going forward without the stay. See ASIS Internet Servs. v. Member Source Media LLC, 2008 WL 4164822, *2 (N.D. Cal. Sept. 8, 2008).

A weighing of the competing interests and consideration of all three factors indicate that a stay is appropriate.


3. Judicial Resources That Would Be Saved

As discussed above, the first two factors indicate that a stay is appropriate. The third factor does as well as a stay would save substantial judicial resources that could be applied to the remainder of the court's docket.

As stated by the Ninth Circuit Court of Appeals, important in the weighing of interests when deciding a motion for stay is:

> the orderly course of justice measured in
> terms of simplifying or complicating of

---

[4] Defendants contentions are not connected to defending the lawsuit; they project what could happen if plaintiffs avoided a stay and went on with the action at this point and were able to win it on the merits.

> issues, proof, and questions of law which could be expected to result from a stay.

Lockyer, 398 F.3d at 268, quoting CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

It appears that the result of a stay in this action will likely moot and/or simplify most, if not all, of this action. As a result, oral arguments and rulings will not be required for a motion to amend the answer and motions for summary judgment from both plaintiffs and defendants. Plaintiffs have also attempted to introduce extra-record evidence with their brief in opposition to defendants' summary judgment motion and their reply brief in support of their motion for summary judgment. Defendants indicate that they oppose the introduction of this extra-record evidence and seek a ruling on it. Defendants also indicate that if the ruling is unfavorable, they would be entitled to submit their own counter-declarations and documents that may require further rulings.

Plaintiff relies heavily on the Lockyer case where a motion to grant a stay was reversed by the Ninth Circuit. See Lockyer, 398 F.3d 1098, (9th Cir. 2005). However, Lockyer actually supports defendants' position for a stay when it is applied to the circumstances of this case as discussed previously. The Lockyer decision was driven by its own facts, facts not present in this case. The Lockyer Court stated:

10 - ORDER

> We recognize the importance of the district court having the ability to control its own docket, particularly in this time of scarce judicial resources and crowded dockets. We do not intend that this opinion be read to restrict unduly the ability of the district court, in appropriate cases, to issue <u>Landis</u> stays, or to issue stays under other doctrines.... We hold only that a <u>Landis</u> stay is improper in the circumstances of this case- where the power of the district court to decide whether the automatic stay is clear, where the inapplicability of the automatic stay is also clear, and where the proceeding in bankruptcy court is unlikely to decide, or contribute to the decision of, the factual and legal issues before the district court.

<u>Lockyer</u>, 398 F.3d 1098, 1112-1113(9th Cir. 2005).

The result of a stay in this case will contribute to and simplify the decision of this court as to the ultimate issues in this case.

A weighing of the competing interests and consideration of all three factors indicate that a stay is appropriate.

All of plaintiffs' other arguments regarding the motion to stay have been considered and found unpersuasive.

11 - ORDER

## CONCLUSION

Defendants' motion (#30) to stay is allowed and this action is stayed until December 31, 2009.

All other motions are denied without prejudice to refile at the expiration of the stay.

DATED this 30 day of June, 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge

12 - ORDER